UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

SHERYL A. KATTAN, JOY D. ABEL,
PAMELA J. DERK, CASSANDRA
FRYSINGER, and CASSAUNDRA POR-
TER

               Plaintiffs,

     v.

VIRGINIA DEPARTMENT OF ENVI-
RONMENTAL QUALITY,

               Defendant.

Civil No. 2:21cv279

## ORDER

Pending before the Court is Defendant Virginia Department of Environmental Quality's Motion to Transfer Venue. ECF No. 7. For the following reasons, Defendant's Motion to Transfer Venue is **GRANTED**.

## I.    BACKGROUND

On a Motion to Transfer Venue, this Court construes the following facts and procedural history from the pleadings and must draw all inferences in favor of Plaintiff. *Sucampo Pharms., Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 550 (4th Cir. 2006).

A.    Facts

Plaintiffs are current and former female employees of Defendant Virginia Department of Environmental Quality ("DEQ"). Compl. ¶¶ 3–8, ECF No. 1. They filed this action under the Equal Pay Act of 1963 to challenge DEQ's practice of using prior

1

pay history to determine a new hire's salary. *Id.* at 1. They allege this caused an inequity in salary for veteran women working at DEQ. *Id.*

Sheryl A. Kattan lives in Virginia Beach and works in the Tidewater Regional Office of DEQ. *Id.* at ¶ 3. Joy D. Abel works in the Henrico County Office. *Id.* at ¶ 4. Pamela J. Derk retired in September 2018 but previously worked in the Roanoke office. *Id.* at ¶ 5. Cassandra Frysinger ended her employment with DEQ in June 2019 but used to work in the Rockingham County Office. *Id.* at ¶ 6. Cassaundra Porter works in the Richmond office. *Id.* at ¶ 7. DEQ's regional offices are operated by headquarters located in Richmond. *Id.* at ¶ 11. All salary decisions and hiring decisions are determined at the headquarters in Richmond. *Id.*

B.    Procedural History

Prior to this action, Plaintiffs participated in a collective action involving the same allegations against DEQ. *Abe v. Va. Dep't of Env't Quality*, No. 3:20cv270 (Gibney, J.). This case was adjudicated in the Richmond Division of the Eastern District of Virginia. *Id.* After Judge Gibney granted partial summary judgment to DEQ, he granted DEQ's motion to decertify the Plaintiffs' collective action. Mem. in Supp. of Mot. to Transfer at 2, ECF No. 8; Case No. 3:20cv270, ECF No. 95. In doing so, he determined that each plaintiff's claim was too individualized to be treated as a collective. *Id.* One plaintiff has appealed Judge Gibney's order granting summary judgment. *Id.* A group of other plaintiffs have re-filed the action in the Richmond Division of the Eastern District of Virginia. *McGee v. Va. Dep't of Env't Quality*, No. 3:21cv268. Other plaintiffs have filed this suit and two other related cases in this division of the

Eastern District of Virginia. *Id.*; *Ellis et al. v. Va. Dep't of Env't Quality*, No. 2:21cv254 (Allen, J.); *Trent et al. v. Va. Dep't of Env't Quality*, No. 2:21cv280 (Allen, J.).

Plaintiffs re-filed their claims in the instant action on May 18, 2021. Compl., ECF No. 1. On August 18, 2021, DEQ filed a Motion to Transfer Venue requesting that this case be transferred to the Richmond Division of the Eastern District of Virginia. ECF No. 7. Plaintiffs oppose the transfer. This matter is fully briefed and ripe for resolution.

## II.    LEGAL STANDARDS

A district court has great discretion in deciding whether and where to transfer a case. *In Re Ralston Purina Co.*, 726 F.2d 1002, 1005 (4th Cir. 1984); *One Beacon Ins. Co. v. JNB Storage Trailer Rental Corp.*, 312 F. Supp. 2d 824, 828 (E.D. Va. 2004). Title 28 U.S.C. § 1404(a) governs the transfer of a case. It dictates that "[f]or the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A court must undertake two separate questions in assessing whether transfer is warranted: "(1) whether the claims might have been brought in the transferee forum; and (2) whether the interest of justice and convenience of the parties and witnesses justify transfer to that forum." *JTH Tax, Inc. v. Lee*, 482 F. Supp. 2d 731, 735 (E,D, Va. 2007) (quoting *Koh v. Microtek Int'l, Inc.*, 250 F. Supp. 2d 627, 630 (E.D. Va. 2003)).

In analyzing whether transfer is convenient for the parties and witnesses and in the interest of justice, courts examine the following four factors: "(1) the plaintiff's

[initial] choice of venue; (2) witness convenience and access; (3) the convenience of the parties; and (4) the interest of justice." *JTH Tax*, 482 F. Supp. 2d at 736 (quoting *Precision Franchising LLC v. Combs*, No. 1:06cv1148, 2006 WL 3840334, at *2 (E.D. Va. Dec. 27, 2006)).

## III.   ANALYSIS

### A.   Venue in Transferee Forum

A "court must determine whether the proposed transferee court is one in which the action originally may have been brought." *BHP Int'l Inv. v. OnLine Exch., Inc.*, 105 F. Supp. 2d 493, 498 (E.D. Va. 2000). When jurisdiction is not founded on the basis of diversity, venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the District is located." 28 U.S.C. § 1391(b)(1); *JTH Tax*, 482 F. Supp. 2d at 736. A defendant resides in any judicial district where a defendant is subject to personal jurisdiction. 28 U.S.C. § 1391(c)(2). Pursuant to Eastern District of Virginia Local Rule 3(C), the same rule applies for intra-district transfers. Local Rule 3(C) provides that the term "judicial district" or "district" in § 1391 be replaced with "division" to determine venue. E.D. Va. Local R. 3(C).

Here, venue would be proper in the Richmond Division of the Eastern District of Virginia. DEQ agrees that personal jurisdiction is proper over DEQ in Richmond.

DEQ has never argued that either the Norfolk Division or the Richmond Division cannot exercise personal jurisdiction over it. Def. Reply at 1, ECF No. 11.

Plaintiffs incorrectly focus on the DEQ regional office location for purposes of venue. Resp. in Opp'n at 2–3, ECF No. 10. Plaintiffs argue that Norfolk is an appropriate venue because DEQ resides in Virginia Beach. *Id.* They insinuate that Norfolk is the *only* division in which this case may be brought because of DEQ's office in Virginia Beach; this is incorrect. DEQ has a regional office in Virginia Beach but is headquartered in Richmond, as Plaintiffs concede. Compl. ¶ 11, ECF No. 1. This shows that the case could have originally been brought in Richmond as well as Norfolk, not *just* Norfolk. This action could have originally been brought in the Richmond Division.

B.      Balance of § 1404(a) Convenience and Justice Factors

*i. Plaintiff's Initial Choice of Venue*

A plaintiff's choice of forum is traditionally given deference. *Koh*, 250 F. Supp. 2d at 633. This is not given great weight if a plaintiff chooses a foreign forum or if the cause of action bears little to no relation to the chosen forum. *Hanover Ins. Co. v. Paint City Contractors, Inc*, 299 F. Supp. 2d 554, 556 (E.D. Va. 2004).

Here, Plaintiffs' choice to litigate this action in the Norfolk Division is not entitled to excessive weight. There is little nexus between this division and the claims in this litigation. Only one of five named plaintiffs, Ms. Sheryl A. Kattan, resides within the Norfolk Division. She lives in Virginia Beach and works in the Tidewater Regional Office of DEQ. Compl. ¶ 3, ECF No. 1. The rest of the five named plaintiffs reside outside of this division. *Id.* at ¶¶ 4–7. Plaintiffs agree that all decisions

regarding hiring and compensation were made at DEQ's headquarters in Richmond. *Id.* at ¶ 11; Wilson Decl. ¶ 4, ECF No. 8-1. This Court agrees with DEQ that the material events surrounding this litigation occurred outside of the Norfolk division, further showing that Plaintiffs' forum choice is not entitled to deference. *See Alvotech USA Inc. v. Abbvie Inc.*, No. 2:21cv265, 2021 WL 4942806, at *3 (E.D. Va. Oct. 22, 2021) (finding plaintiff's choice of venue was not entitled to deference because plaintiff's choice of forum had little connection to cause of action).

### ii. Witness Convenience and Access

"This factor is often the most important in balancing for a potential § 1404(a) transfer, but the influence of this factor may not be assessed without reliable information identifying the witnesses involved and specifically describing their testimony." *Precision Franchising, LLC*, 2006 WL 3840334 at *5. This factor is "often dispositive in transfer decisions." *Bd. of Trs., Sheet Metal Workers Nat'l Fund v. Baylor Heating & Air Conditioning, Inc.*, 702 F. Supp. 1253, 1258 (E.D. Va. 1988).

Substantial weight should be given to witnesses whose testimony is not cumulative and central to a claim. *Id.* It is often the case that the original forum is convenient for a plaintiff's witnesses whereas the transferee forum is convenient for a defendant's witnesses. *Id.* Such a circumstance is insufficient to be the basis of a transfer because it "would serve only to shift the balance of inconvenience." *Id.* (quoting *E. Sci. Mktg. v. Tekna-Seal, Inc.*, 696 F. Supp. 173, 180 (E.D. Va. 1988)). Parties must provide information about the witnesses in a particularized manner. *Id.* This is usually provided in form of affidavits. *Id.*

DEQ has provided sufficient particularized notice of witnesses, requiring this Court to conclude that this factor weighs in favor of transfer to Richmond. DEQ submitted a declaration by its Director of Human Resources & General Services, Ms. Renee L. Wilson. Wilson Decl., ECF No. 801. She stated that all decisions concerning hiring and compensation in regard to Plaintiffs were made in Richmond. *Id.* at ¶ 4. This was the case even for Ms. Kattan, the sole Plaintiff who worked and lived in the Norfolk division. *Id.* All other possible non-cumulative witnesses work outside of this division. For example, the male comparators used to establish a possible Equal Pay Act claim work in Richmond, Glen Allen, Prince William County, Washington County, Rockingham County, and Lynchburg County. *Id.* at ¶¶ 10–13. Individuals who work in the DEQ Human Resource Management also reside and work in Richmond. *Id.* at ¶ 15.

The Court rejects Plaintiffs' argument that DEQ does not provide information about the witnesses with the required particularization. They argue that Ms. Wilson does not describe the witnesses or describe what their testimony would be. Resp. in Opp'n at 7–8, ECF No. 10. However, DEQ provided a summary of witnesses and what discoverable information these individuals have (with names and occupations) as described in the related *McGee v. Va. Dep't of Env't Quality* and *Abe v. Va. Dep't of Env't Quality* cases currently being litigated in Richmond. Witnesses Lists, ECF Nos. 11-1 and 11-2. Whether or not this provides as much information as may have been present in other cases, it provides this Court and Plaintiffs the necessary information to assess Defendant's argument.

By contrast, Plaintiffs have not provided even the bare minimum of information required under this factor. They have not submitted names of any potential witnesses, accompanying affidavits, or potential descriptions of testimony. Because Plaintiffs have failed to identify "any witnesses by name or produce[] affidavits describing such testimony or the inconvenience they will suffer," they have not shown that this factor weighs in their favor. *JTH Tax*, 482 F. Supp. 2d at 737.

### iii. Convenience of the Parties

The starting point for this determination is the residence of the Parties. *JTH Tax, Inc.*, 482 F. Supp. 2d at 738 (citing *Mullins v. Equifax Info. Servs., LLC*, No. 3:05cv888, 2006 WL 1214024, at *6 (E.D. Va. Apr. 28, 2006)). "[W]hen plaintiffs file suit in their home forum, convenience to the parties rarely, if ever, operates to justify transfer." *Bd. of Trs., Sheet Metal Workers Nat'l*, 702 F. Supp. at 1259. If a transfer only "shifts the balance of inconvenience," then a transfer is inappropriate. *Id.*

This factor weighs in favor of transfer. The Norfolk Division is only home to one of the plaintiffs, Ms. Kattan. Compl. ¶ 3, ECF No. 1. The rest of the Plaintiffs reside or work outside of this division. Ms. Abel's residence is undisclosed, but she works in DEQ's Henrico County Office. *Id.* at ¶ 4. Ms. Derk used to work in the Roanoke office. *Id.* at ¶ 5. Ms. Frysinger worked in the Rockingham County Office. *Id.* at ¶ 6. Ms. Porter works in the Richmond office. *Id.* at ¶ 7. Therefore, Plaintiffs' choice of filing this suit in the Norfolk Division should not receive the deference due for choice of a home forum.

Moreover, Plaintiffs fail to refute that there is an inherent connection between this case and the other related proceedings occurring in Richmond. This case is inherently impacted by the issues in *Abe v. Va. Dep't of Env't Quality*, No. 3:20cv270 (Gibney, J.). That case involves the issue of using prior salaries as a starting point for one's salary when they commence employment with DEQ. Def. Reply at 5, ECF No. 11. This issue is paramount in the instant litigation as well. It is evident that this litigation is like the other two cases brought in Richmond after the decertification of the collective action as well. This suggests that Plaintiffs are forum shopping in filing suit in the Norfolk Division as opposed to Richmond where all other related litigation is occurring, and which has a more substantial nexus with the underlying factual events. This further weighs against deferring to the Plaintiffs' choice of forum. *Cf. Bd. of Trs., Sheet Metal Workers Nat'l*, 702 F. Supp. at 1259 (convenience of parties factor weighed against transfer because there was no suggestion that plaintiffs were forum shopping).

### iv. Interest of Justice

This is a broad category. *JTH Tax, Inc.*, 482 F. Supp. 2d at 738. This factor takes into account all other relevant circumstances not otherwise addressed. *Precision Franchising, LLC*, 2006 WL 3840334 at *6. Examples of such factors include "circumstances such as the pendency of a related action, the court's familiarity with the applicable law, docket conditions, access to premises that might have to be viewed, the possibility of unfair trial, the ability to join to other parties, and the

possibility of harassment." *Id.* (citing *GTE Wireless, Inc. v. Qualcomm, Inc.*, 71 F. Supp. 2d 517, 519 (E.D. Va. 1999)).

This factor overwhelmingly weighs in favor of transferring this case to Richmond. This Court has already discussed the pendency of related actions in the Richmond division, of which there are currently two. Before the collective action was de-certified in the third case, *Abe*, Plaintiffs already participated in substantive discovery. Mem. in Supp. of Mot. to Transfer at 6, ECF No. 8. This includes the depositions of Ms. Kattan, Ms. Erwin, Ms. Frysinger, and Ms. Porter. *Id.* The related actions and discovery in the prior action weigh in favor of transfer for the purposes of judicial economy. Plaintiffs fail to refute this argument. *See generally* Resp. in Opp'n, ECF No. 10. Allowing this suit to continue in the Norfolk Division as opposed to the Richmond Division would require the Defendant to simultaneously litigate the same issues in different divisions, which weighs in favor of transfer. Therefore, it is in the interest of justice that this matter be transferred to the Richmond Division. *Alvotech USA Inc.*, 2021 WL 4942806 at *5 (finding interest-of-justice factor weighed in favor of transfer because there were two pending suits regarding same patent in transferee forum).

C.   Forum Non Conveniens

Finally, Plaintiffs argue that DEQ's Motion to Transfer is based on the *forum non conveniens* doctrine and that this doctrine is irrelevant and does not warrant a transfer. Resp. in Opp'n at 9–10, ECF No. 11. This argument is inapposite, however,

because the Motion to Transfer is not based on *forum non conveniens*, and neither is this Court's ruling.

*Forum non conveniens* allows a district court to dismiss a case "when an alternative forum has jurisdiction to hear a case, and when trial in the chosen forum would 'establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience,' or when the 'chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems.'" *Am. Dredging Co. v. Miller*, 510 U.S. 443, 447 (1994) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981)). This doctrine has essentially been eliminated by the transfer statute, 28 U.S.C. § 1404(a), which is what is at issue here. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007); *Bacon v. Liberty Mut. Ins. Co.*, 575 F.3d 781, 783 (8th Cir. 2009) (citing *Norwood c. Kirkpatrick*, 349 U.S. 29, 32 (1955)).

This Court is not dismissing the case pursuant to *forum non conveniens* but ordering a transfer of it to a more appropriate venue pursuant to the applicable statutory framework. These are uniquely distinct actions. A dismissal under *forum non conveniens* terminates the litigation whereas transferring a case preserves it. *Jiffy Lubricator Co. v. Stewart-Wartner Corp.*, 177 F.3d 360, 362 (4th Cir. 1949).

## IV.   CONCLUSION

For the foregoing reasons, Defendant's Motion to Transfer Venue (ECF No. 7) is **GRANTED**.

The Clerk is **REQUESTED** to forward a copy of this Order to counsel of record for all parties.

**IT IS SO ORDERED.**

/s/
_____
Arenda L. Wright Allen
United States District Judge

December 22, 2021
Norfolk, Virginia